UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ROBERT E. STEWART, II,<br>   Plaintiff, | )<br>)<br>) |
| v. | )  CAUSE NO.: 4:22-CV-32-JVB-JEM |
| | ) |
| KIMBRA NIXON, *et al.*,<br>   Defendants. | )<br>) |

## OPINION AND ORDER

  Robert E. Stewart, II, a prisoner without a lawyer, filed a complaint against Kimbra Nixon and Briteney Christmas. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

  Stewart alleges that Kimbra Nixon is in charge of nursing at Tippecanoe County Jail. Stewart filed a lawsuit in 2019 seeking injunctive relief due to inadequate medical care for a hernia, and he alleges that he needed to file that lawsuit because of Kimbra Nixon. He further alleges that Nixon played some role in the events that led him to file another lawsuit against Dr. Elrod. He believes Nixon retaliated against him for filing the lawsuit in 2019 by removing documents from his medical records; namely, grievances. He contends that grievances related to both his hernia and back pain are missing and there is no other explanation for their absence.[1]

---

[1] It is unclear why Stewart is suing Briteney Christmas. He alleges only that she answered some of his grievances, and he believes that, if called to testify, she would testify truthfully that he filed the missing grievances.

Stewart indicates in his complaint that he could have filed a grievance, but he did not do so because Kimbra Nixon had been terminated and "she removed grievances previously filed by me in another suit against Dr. Elrod 4:21-CV-63-JTM-JEM" ECF 1 at 4. Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Even when a prisoner "seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." *Porter v. Nussle*, 534 U.S. at 524, *citing Booth v. Churner*, 532 U.S. at 741.

> The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile.

*Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations omitted). The Seventh Circuit held in *Dole* that a prisoner must file a grievance because responding to his grievance might satisfy him and avoid litigation or the grievance could "alert prison authorities to an ongoing problem that they can correct." *Id.* at 809, *citing Porter v. Nussle*, 534 U.S. at 525. Even if Stewart believed that submitting a timely informal grievance was futile, "he had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try."). Neither Nixon's employment status nor her alleged removal of previous grievances[2] from Stewart's medical records excuse Stewart from the requirement that he exhaust his administrative remedies.

---

[2] This is especially true where Nixon is no longer employed at the jail and therefore would no longer have the ability to tamper with his grievance.

2

"Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez*, 182 F.3d at 535. Stewart admits in his complaint that he did not exhaust his administrative remedies before filing suit. Therefore, this case cannot proceed. If Stewart can exhaust his administrative remedies, he may file a new lawsuit.

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED on May 16, 2022.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT